UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 06 2014 ★
LONG ISLAND OFFICE

Linda Campbell-Hicks individually and on behalf of all others similarly situated

Plaintiff,

v.

C. Tech Collection, Inc.

Defendant.

No. CV 14 3576

CLASS ACTION COMPLAINT

JURY DEMANDED

SEYBERT, J
WALL, M.

Class Action Complaint for Violations of the Fair Debt Collection Practices Act

Introduction

1. Plaintiff LINDA–CAMPBELL-HICKS ("Plaintiff" or "Hicks") files this Complaint seeking redress for the illegal practices of C-Tech. Collection, Inc. ("Defendant" or "C-Tech"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Parties

2. Plaintiff Linda Campbell-Hicks is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. Defendant is a New York Corporation located in New York.

1

5. Defendant is regularly engaged in the collection of debts allegedly due to others.

6. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

7. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The debt is allegedly owed for a medical procedure or service.

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

## Factual Allegations

12. On or about May 5, 2014 Defendant sent an initial letter to Plaintiff, a copy of which is attached as Exhibit A, an attempt to collect the alleged debt. The full content of Exhibit A is incorporated herein.

13. Exhibit A falsely and deceptively indicates that the Defendant is entitled to charge the Plaintiff a $3.00 "convenience fee" if the Plaintiff pays the alleged debt via credit card.

14. The Plaintiff never agreed to pay a "convenience fee" in order to satisfy the alleged debt via credit card.

15. Charging consumers $3.00 to pay alleged debts by credit card is unfair, unconscionable, false and deceptive.

16. New York General Business Law section 518 specifically prohibits charging consumers a fee to make a purchase with a credit card.

17. No applicable law specifically authorized Defendant to charge Plaintiff a $3.00 "convenience fee" to satisfy the alleged debt.

18. The Plaintiff never expressly agreed to this fee via contract.

19. Exhibit A stated:

*"A $3.00 convenience fee will be added for credit card payments."*

20. Adding the $3.00 "convenience fee" is unfair and unconscionable and is hence a violation of 15 USC 1692f, and 1692f(1).

21. Attempting to impose the $3.00 convenience fee is false and deceptive in that the Defendant misrepresents that they are entitled to collect this fee. Exhibit A violates 15 USC 1692e; 15 USC 1692e(2); 15 USC 1692(5); and 15 USC 1692e(10).

21. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

22. Exhibit A is a form letter.

23. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in <u>Exhibit A</u> to hundreds of consumers in New York.

### *Class Action Allegations*

24. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable

in this case because:

    a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

25. A class action is superior for the fair and efficient adjudication of the class members' claims.

26. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

27. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, Defendant will seek to certify a class

under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as Exhibit A; (d) which was not returned by the postal service as undelivered.

31. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

## Violations of the Fair Debt Collection Practices Act

32. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## The Defendant's Letter

33. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(5), e(10), f, and f(1).

34. Exhibit A violated 15 U.S.C. 1692e, 1692e(2), 1692 e(5), and 1692e(10) in that the letter falsely indicates that the Defendant is entitled to collect a $3.00 convenience fee from Plaintiff if Plaintiff pays by credit card.

35. Exhibit A also violated 15 USC 1692f and 1692f(1) for attempting to impose the $3.00 "convenience fee" not expressly authorized by any law, nor by contract.

36. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to

Plaintiff.

37. As a result of Defendant's deceptive and unfair debt collection practices, Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

      (A)    Statutory damages as provided by § 1692k of the FDCPA;

      (B)    Actual damages as provided by § 1692k of the FDCPA;

      (C)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

      (C)    Declaratory relief declaring that Exhibit A violates the FDCPA; and

      (D)    Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
June 5, 2014

RESPECTFULLY SUBMITTED,

/S/Joseph Mauro
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921